**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CRIMINAL ACTION NO. 2:22-cr-00065

MICHAEL HENDERSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Defendant, Michael Henderson, entered a guilty plea on October 6, 2022, without a plea agreement, to the single count of the superseding indictment, possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine.   On March 24, 2023, the Court entered an order in this matter, inviting the parties to submit additional memoranda addressing the implications of *United States v. Jones*, 60 F.4th 230, 239 (4th Cir. 2023), wherein the Fourth Circuit found that "the plain text of [18 U.S.C.] § 3553(f)(1) requires a sentencing court to find that a defendant has all three of the listed criminal history characteristics before excluding a defendant from safety valve eligibility."   The Court noted that the Presentence Investigation Report did not recommend enhancements related to firearms or a leadership or managerial role, and did recommend an acceptance of responsibility reduction, but contained

1

concerning facts surrounding those issues, and invited the parties to address whether the Defendant met the remaining safety valve criteria.

The Court has reviewed the *United States' Supplemental Sentencing Memorandum* (Document 93) and the *Defendant's Supplemental Sentencing Memorandum* (Document 94).   The Court makes the following findings regarding the applicability of sentencing enhancements and the safety valve.

## FACTS[1]

Mr. Henderson, a passenger in a taxi, was found in possession of approximately five pounds of methamphetamine during a traffic stop on March 3, 2022, near the Greyhound Bus Station in Charleston, West Virginia.   Officers reached out to the Michigan State Police and learned that he was being investigated in connection with a recent arrest near the Greyhound Bus Station in Detroit, Michigan, in which officers seized approximately seven pounds of methamphetamine from a man who appeared to be working with Mr. Henderson.   Officers also learned that the taxi driver, based in Williamson, West Virginia, had previously been stopped in Ceredo, West Virginia, and officers had seized a large amount of cash from the passenger.   Text messages on Mr. Henderson's cell phone included communications with others related to drug trafficking.   The taxi driver was later interviewed and indicated that he gave Mr. Henderson and "his people" rides to or from Charleston, West Virginia, or Huntington, West Virginia, once or twice per week, or about 20 to 30 times over the past three months.

Beginning on the date of his arrest, Mr. Henderson made numerous calls from jail to multiple associates, using poorly coded language to instruct them in the preparation, storage,

---

1 These facts are drawn from the Presentence Investigation Report.   Neither party filed factual objections.

transportation, and sale of drugs to specified customers.   He also instructed a woman who appeared to be his primary contact in Williamson, West Virginia, to provide someone he referred to as his brother, who was coming to Williamson to help with the drug business, with his two firearms.   Investigators went to her residence, and she turned over the guns discussed in the call. She also confirmed the meaning of the coded terms.

Mr. Henderson pled guilty and admitted to possessing with intent to distribute the drugs seized from him.   He has also submitted a written statement of acceptance of responsibility.   He has two prior three-point offenses and one prior one-point offense.

The PSR did not include enhancements for possession of a firearm under Section 2D1.1(b)(1) of the Sentencing Guidelines or a role enhancement under Section 3B1.1.   It also did not address the applicability of either the statutory safety valve in 18 U.S.C. § 3553(f) or the Guidelines safety valve in Section 2D1.1(b)(18) and Section 5C1.2.   Neither party initially objected.

## DISCUSSION

The safety valve, contained in 18 U.S.C. § 3553(f), provides that courts may impose a sentence without regard to a statutory minimum sentence if the Defendant meets the following criteria

> 1.  the defendant does not have—
> (a)  more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> (b)  a prior 3-point offense, as determined under the sentencing guidelines; and
> (c)  a prior 2-point violent offense, as determined under the sentencing guidelines;

3

2. the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3. the offense did not result in death or serious bodily injury to any person;

4. the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

5. not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).   It is the defendant's burden to prove that "the prerequisites for application of the safety valve provision…have been met."   *United States v. Aidoo*, 670 F.3d 600, 605 (4th Cir. 2012).   In *United States v. Jones*, 60 F.4th 230, 239 (4th Cir. 2023), the Fourth Circuit held that the first criteria, addressing criminal history, would operate to exclude defendants only if they have "all three of the listed criminal history characteristics."   Mr. Henderson does not have a prior two-point violent offense, and the parties do not dispute that he is not excluded under Section 3553(f)(1).

    *A.   Firearms*

In the United States' supplemental sentencing memorandum, it argues that the firearm enhancement pursuant to Guidelines Section 2D1.1(b)(1) applies, based on Mr. Henderson's post-arrest recorded jail calls directing someone to provide guns to another individual who would be

4

arriving to distribute controlled substances.   The United States also argues that Mr. Henderson's possession of a firearm excludes him from eligibility for the statutory safety valve pursuant to 18 U.S.C. § 3553(f)(2).

The Defendant argues that the United States waived these arguments because it presented them only in response to the Court's query, not in objections to the PSR or in the original sentencing memorandum.   He also argues that even if the firearm enhancement applies for purposes of Section 2D1.1(b)(1) of the Guidelines, the safety valve excludes only defendants who possess a firearm or induced another participant to do so in connection with the offense of conviction.   He argues that the firearms discussed during the jail call were not possessed in connection with the offense of conviction—the possession with intent to distribute the methamphetamine on March 3, 2022.

The Court finds that the 2-level enhancement pursuant to Guidelines Section 2D1.1(b)(1) is applicable based on the undisputed facts contained in the PSR.   The Court does not find that the United States waived its arguments under these circumstances, where the Court invited further briefing on these issues.   Even if it had waived the argument, the Court calculates the Guideline range based on the facts presented and the law.   A party's failure to advance an argument does not prevent the Court from calculating a Guideline range that may differ from that proposed by Probation in the PSR or by either party.[2]   Mr. Henderson has not disputed the facts in the PSR. In a recorded call, he instructed someone to give his brother a black gun to leave in the house and

---

2 Indeed, the Defendant's waiver argument is a bit disingenuous under the circumstances, given that he used the opportunity of the Court's invitation for additional briefing to argue that the safety valve applies, and that he should receive a two-level safety valve reduction, arguments that were not presented as objections or in his sentencing memorandum. Accepting the "waiver" argument and treating the parties equally would, therefore, result in no consideration of the Defendant's eligibility for the safety valve.

a silver gun to carry with him.   That person was also managing his drug business, and his brother was coming to Williamson to assist with the drug trafficking operation.   Therefore, the Court finds that firearms were possessed in connection with relevant conduct, and the 2-level firearm enhancement under the Guidelines is applicable.

However, the Fourth Circuit has recognized that "at least five of our sister circuits have held that a weapon enhancement pursuant to § 2D1.1(b)(1) does not foreclose a safety valve reduction despite §5C1.2(a)(2)'s requirement that a defendant seeking the reduction did not possess a firearm in connection with the offense" based on the "different standards of proof applicable" to the two provisions.   *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017). The Eighth Circuit has further held that the requirement that a defendant demonstrate, by a preponderance of the evidence, that he did possess a firearm in connection with the "offense" refers only to the offense of conviction, reasoning that the language in 18 U.S.C. §3553(f)(5) requiring a defendant to provide all information he has "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" would be superfluous if "offense" could be read to include relevant conduct.   *United States v. Hodgkiss*, 960 F.3d 1110, 1111–12 (8th Cir. 2020) (further noting that "where the Commission's commentary conflicts with the plain meaning of a statute, the statute governs").   In this District, Judge Volk recently reached the same conclusion, finding that a defendant had cast sufficient doubt on whether a firearm possessed in connection with relevant conduct was possessed "in connection with the offense of conviction" where there was no evidence that it was present during the controlled buy that constituted the

6

offy of conviction.  *United States v. Ward*, No. 5:21-CR-00229, 2022 WL 16543356, at *3 (S.D.W. Va. Oct. 28, 2022) (Volk, J.)[3]

The Court is persuaded by the Eighth Circuit's reasoning.   The facts herein indicate that Mr. Henderson possessed, or induced others to possess, firearms in relation to an ongoing drug trafficking scheme that constitutes relevant conduct.   There is no evidence, however, that he possessed firearms in connection with his offense of conviction: the possession with intent to distribute methamphetamine on March 3, 2022.   Therefore, the Court finds that Mr. Henderson's possession of firearms, and his acts in inducing others to possess the firearms, do not preclude eligibility for the safety valve.[4]

### B.  Leadership Role

The United States next argues that a 2-level increase for a leadership role pursuant to Guidelines Section 3B1.1(c) applies, and that Mr. Henderson is therefore ineligible for the statutory safety valve pursuant to 18 U.S.C. § 3553(f)(4) as an organizer, leader, manager, or supervisor of others in the offense.   It cites his jail calls directing multiple people to take specified action to continue his drug trafficking business, as well as an interview with a taxi driver who was paid by Mr. Henderson to transport himself and others who were involved in drug trafficking.

---

3 Judge Volk's opinion indicates that the United States conceded that the statutory safety valve requires possession of a firearm in connection with the offense of conviction.  Given that this case is prosecuted by the same U.S. Attorney's office, several months later, the Court finds the apparent inconsistency in positions somewhat surprising.
4 As briefly referenced, Application Note 3 to Section 5C1.2, the safety valve provision contained in the Guidelines, states that "offense" means the offense of conviction and all relevant conduct.  The Fourth Circuit has held that commentary to the Guidelines cannot operate to add to or change the Guidelines.  *United States v. Campbell*, 22 F.4th 438, 440 (4th Cir. 2022).   However, in the context of the Guidelines, "offense" generally refers to both the offense of conviction and relevant conduct; Application Note 1(i) to Section 1B1.1 defines offense to mean offense and relevant conduct.   The Guidelines have not been updated to reflect changes to 18 U.S.C. § 3553(f), but the Court understands the intent of the safety valve reduction in Guidelines Section 2D1.1(b)(18) and Section 5C1.2 is to essentially incorporate the statutory requirements as contained in 18 U.S.C. § 3553(f).   Therefore, the Court assumes that if Mr. Henderson is eligible for the statutory safety valve, he is also eligible for a 2-level Guidelines reduction.

Mr. Henderson argues that the PSR did not apply a role enhancement, and none should apply.

The Court finds that the facts in the PSR support the conclusion that Mr. Henderson managed or supervised others in his drug distribution activity related to his offense.   Beginning on the day he was arrested, he made calls to multiple people to instruct them to take particular actions to continue his drug business.   He set prices, he determined which drugs should be sold to which customers in specified quantities, he directed the travel of various associates, and he directed the disposition of his firearms.   The facts are not sufficiently developed to determine whether Mr. Henderson was an organizer or leader as opposed to a manager or supervisor, or to determine exactly how many people were involved in the criminal activity, and so the Court will apply the 2-level increase pursuant to Guidelines Section 3B1.1(c).

18 U.S.C. § 3553(f)(4), like § 3553(f)(2) refers to the "offense" without expressly including relevant conduct.   A defendant must show that he "was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines…"   18 U.S.C. § 3553(f)(4).   However, because this provision explicitly ties eligibility to the Guidelines determination of whether the defendant was an organizer, leader, manager, or supervisor of others, the Court finds that any defendant who is subject to a role enhancement under Guidelines Section 3B1.1(c) is ineligible for safety valve relief, even if the leadership role related to relevant conduct.[5]

---

5 If the leadership role for purposes of the safety valve were required to relate to the offense of conviction, it is not clear Mr. Henderson would be able to meet his burden of showing that he fits the criteria.   The evidence indicates that others assisted in arranging transportation and in storing and distributing drugs.   There is no evidence to indicate that Mr. Henderson did not receive such assistance with respect to the seized drugs prior to his arrest, or that it was his intent to personally distribute the drugs he possessed on March 3, 2022.

### C.  Acceptance of Responsibility

Finally, the United States argues that Mr. Henderson should not receive a reduction for acceptance of responsibility under the Guidelines and has not truthfully provided the Government with "all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  (U.S. Supp. Mem. at 6.)   It argues that he did not withdraw from criminal activity, as evidenced by the jail calls, and has not provided information regarding his source of supply, his distributors, or his customers.

The Defendant submitted an affidavit admitting to his conduct and describing some of his own drug trafficking activity.   He also submitted a written acceptance of responsibility statement to Probation after the PSR was initially completed.   Probation updated the PSR on April 13, 2023, to incorporate lab results and the acceptance statement.

The Court finds that the Defendant has demonstrated acceptance of responsibility for purposes of Section 3E1.1 of the Sentencing Guidelines.   There is no evidence that he continued to engage in criminal activity after his guilty plea.   He did continue his criminal activity rather extensively after his arrest.   That is something the Court considers in determining the appropriate sentence but does not view as incompatible with acceptance of responsibility where a defendant does ultimately withdraw from the criminal activity and admit his conduct.   Mr. Henderson has admitted to the conduct comprising the offense of conviction and has not falsely denied relevant conduct.

However, 18 U.S.C. § 3553(f)(5) requires more than acceptance of responsibility.   A defendant must show that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning

9

the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). "To carry his burden, the defendant must persuade the district court that he has made full, truthful disclosure of information required by the safety valve." *United States v. Aidoo*, 670 F.3d 600, 607 (4th Cir. 2012). For a defendant involved in a drug-smuggling conspiracy, the Fourth Circuit has recognized that the disclosure requirement includes providing information about the chain of distribution and others involved in the crime. *Id.* at 611.

Mr. Henderson's one-page affidavit describing some of the terms he used, his travel arrangements, his alias, and his efforts to evade detection does not satisfy the requirements of 18 U.S.C. § 3553(f)(5). The facts in the PSR make clear that Mr. Henderson was involved in a large-scale drug operation, moving substantial quantities of drugs, with multiple participants. His statement provides no information regarding the source of his drugs, how often he obtained drugs and in what quantities, when and how he transported and sold them, the identities of others involved in the offense, or who purchased the drugs from him. Therefore, the Court cannot find, on the information presented, that he has shared all information he has concerning the offense and relevant conduct.[6]

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the United States' objections as to the failure of the PSR to apply a firearms enhancement pursuant to

---

6 Because the Court has also found that Mr. Henderson's leadership role precludes application of the safety valve, the Court finds it unnecessary to withhold ruling on this issue until after the sentencing hearing. The other issues resolved herein are legal determinations based on undisputed facts that the Court finds it appropriate to resolve on the briefing prior to the sentencing hearing, allowing the parties to prepare for the hearing with these rulings in mind. The statute provides defendants with the opportunity to truthfully admit their conduct until sentencing for purposes of 18 U.S.C. § 3553(f)(5). Thus, the Court's finding herein is simply that the evidence submitted with the supplemental sentencing memorandum and in the PSR is insufficient to establish that Mr. Henderson has shared all information concerning the offense and relevant conduct, recognizing that he remains free to do so.

U.S.S.G. § 2D1.1(b)(1) and a role enhancement pursuant to 3B1.1(c) be **SUSTAINED**, that the United States' objections as to the application of the acceptance of responsibility reduction pursuant to U.S.S.G. § 3E1.1 be **OVERRULED**, and that the Defendant's objection as to the failure to apply relief from the mandatory minimum pursuant to 18 U.S.C. § 3553(f) and an accompanying reduction pursuant to U.S.S.G. § 2D1.1(b)(18) and § 5C2.1 be **OVERRULED** as set forth herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        April 17, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

11